IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE OHIO CONFERENCE ) | CASE NO. 1:20 CV 649 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| SHARKEY & SON CONSTRUCTION ) | MEMORANDUM OPINION |
| CO., INC., ) | AND ORDER |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Plaintiffs' Motion for Summary Judgment. (ECF #12) For the reasons that follow, Plaintiffs' Motion for Summary Judgment is granted.

**PROCEDURAL AND FACTUAL HISTORY**

Plaintiffs are the Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Combined Funds"). Plaintiffs filed this action on March 3, 2020, under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA") to recover unpaid fringe benefit contributions owed to multiemployer benefit plans by Defendant. The Combined Funds is a corporation formed for the purpose of collecting contributions due to numerous multiemployer benefit plans. Defendant Sharkey & Son Construction Co. Inc., is an employer that owes contributions to ERISA benefit plans for which the Combined Funds collects delinquent amounts owed.

As detailed in the Plaintiff's Motion for Summary Judgment and the exhibits attached thereto, Defendant entered into a Collective Bargaining Agreement ("CBA") with the Cement Masons' Local Union NO. 404 in December 1997. That CBA required Defendant to remit benefit

contribution payments to the Combined Funds on behalf of the Ohio Conference of Plasterers and Cement Masons Health and Welfare Fund ("Welfare Fund") and the Cement Masons Local No. 886/404 Pension Fund ("Pension Fund") (collectively "the Funds").

In or around August 2018, Defendant was selected for Audit and a third party accounting firm, Yurchyk & Davis, was engaged to perform a payroll audit on Defendant's records and books. The accountants submitted two independent reports, one for the time period of April 2017 through December 2018 and one for the period of April 2013 through March 2017. Together the Reports revealed a $146,596.04 contribution delinquency for the period January 1, 2013 through December 31, 2018. Under the CBA, employers are liable for liquidated damages, interest, audit fees, court costs and attorney's fees.

Plaintiff moved for summary judgment on September 1, 2020. Defendant did not file a response to the motion for summary judgment.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). The court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50. If the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## DISCUSSION

The Plaintiffs' Motion for Summary Judgment and the exhibits and affidavits attached thereto, show that there is no genuine issue of material fact regarding Plaintiffs' claims and that Plaintiffs' are entitled to summary judgment on their claims. Defendant did not submit an opposition to the motion. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition

within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *United States v. Willis*, No. 1:13CV1127, 2014 WL 2114664, at *3 (N.D. Ohio May 20, 2014); *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9–10, 2005 WL 1277667 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

## CONCLUSION

For the reasons set forth above and in the submissions by Plaintiffs, summary judgment is granted in favor of Plaintiffs and against Defendant in the amount of $247,316.17, which includes $146,596.04 in delinquent contributions, $14,659.60 in liquidated damages, $75,780.53 in accrued interest, $9,880.00 in audit fees, and $400,00 in court costs. Plaintiffs' shall submit their Motion for Attorneys Fees within 10 days of this Order.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: October 13, 2020